```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PROVEN WINNERS NORTH AMERICA, LLC,

        Plaintiff,

vs.                                    Case No. 2:06-cv-428-FtM-29DNF

CASCADE GREENHOUSE, PERENNIALS PLUS,
RANDY WOSEPKA, VARIOUS JOHN DOES,
JANE DOES, ABC COMPANIES,

        Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendants' Motion to Dismiss or in the Alternative to Transfer (Doc. #14) filed on February 2, 2007. Plaintiff filed a Response (Doc. #24) on March 19, 2007. Both parties were permitted to file a surreply. (Doc. ## 33, 38.) Both parties also filed affidavits in support of their positions. For the reasons set forth below, the Court will grant the alternative relief of transfer to the Western District of Washington and deny the motion to dismiss as moot.

    In the two-count Complaint (Doc. #1), plaintiff alleges that defendants infringed on certain of its patents (Count I) and violated a written agreement between the parties (Count II). Both counts are based on the allegations that defendants propagated, used, imported, sold, and/or offered to sell certain plant varieties in violation of plaintiff's patents.

Federal jurisdiction is premised on 28 U.S.C. § 1338(a), giving federal district courts exclusive original jurisdiction over any civil action arising under any Act of Congress relating to patents. The Court has jurisdiction over the breach of contract claim pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367.

Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Nothing in the Complaint alleges that any of the defendants reside in the Middle District of Florida or that the acts of infringement were committed in the Middle District of Florida, or that any defendant had a regular and established place of business in the Middle District of Florida. Therefore, venue is not proper in the Middle District of Florida. Pursuant to 28 U.S.C. § 1406(a), the Court finds that the interests of justice are best served by transfer of the case to the Western District of Washington. Alternatively, if the forum selection clause of the written contract is applicable and allows venue in the Middle District of Florida, the Court concludes that transfer to the Western District of Washington is required for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a).

The Complaint as well as affidavits submitted by the defendants show that all defendants reside and operate businesses

in the Western District of Washington. (Doc. ## 1, 15-17.) Therefore, the Court concludes that the action might have been brought in the Western District of Washington and therefore that district would be a proper transferee court.

Plaintiff's choice of forum is the Middle District of Florida. In the Eleventh Circuit there is a "strong presumption against disturbing plaintiffs' initial forum choice." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). The plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant. SME Racks, 382 F.3d at 1100. However, a plaintiff's choice of forum is also afforded less weight if the majority of the operative events occurred elsewhere. See A.J. Taft Coal Co. v. Barnhart, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003); see also Armco Steel Co. v. CSX Corp., 790 F. Supp. 311 (D.D.C. 1991)(plaintiff's choice of forum not accorded great deference when the chosen forum had little, if any, connection to the activities alleged in the complaint and little or no connection with the defendants in the action).

Because the key operative facts in this case did not occur in the Middle District of Florida, but in the Western District of Washington, the Court gives plaintiff's choice of forum less weight. Neither the Complaint nor any affidavits submitted by plaintiff allege that defendants sell any of their products in the Middle District of Florida or have any other connection to Florida.

Where a patent claim is concerned, the most appropriate forum is that in which the "center of gravity" of the accused activities is found. "In finding that 'center of gravity,' a district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp., 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002)(internal citations omitted). The Court concludes that the "center of gravity" of this case is in the Western District of Washington where the defendants allegedly conducted the illegal propagation of plaintiff's plants.

The Court rejects plaintiff's argument that the "agreement" contains an enforceable exclusive forum selection clause that requires venue in the Middle District of Florida. (Doc. #24, p. 10-11.)[1] The venue provision of the agreement (Doc. #26, p. 6) provides that:

> In any legal action arising out of this License Agreement, or arising from In infringement of Licensor's rights, Licensee consents to the exclusive jurisdiction of the U.S. District Courts, including the U.S. Courts for the Middle District of Florida and the Northern District of California.

The plain language of the provision provides exclusive jurisdiction in any federal district court, "including" federal courts in the Middle District of Florida and the Northern District of California. The provision does not limit the proper federal courts to those two

---

[1]Although the parties dispute the existence or validity of the agreement, the Court will assume for purposes of this motion that the defendants received the agreement and that it is enforceable.

named districts.  The only venues excluded by the provision are state courts and federal courts of special jurisdiction.  Therefore, the Court finds that a transfer of venue would not violate this provision.

In patent cases, the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement.  <u>Houston Trial Reports, Inc. v. LRP Publs., Inc.</u>, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999).  The Court finds that this factors weighs heavily in favor of the defendants.  The four identified defendants reside in Washington state and conduct their business only in the Pacific Northwest, while plaintiff is a national company conducting business across the United States and North America, including the Pacific Northwest.  (Doc. ## 1, 15-17.)  Defendants have attested that their businesses would suffer substantial disruption through litigation in this district.  (Doc. #15, p. 7; #16, p. 2; #17, p. 2.)  Moreover, defendants have indicated that litigating the case in the Middle of District of Florida would be prohibitively expensive given the size of their operation.  <u>Id.</u>  Plaintiff has offered no argument as to its own disruption by a transfer to the Western District of Washington.  Thus, plaintiff has given the Court no counter-balance against defendants' disruption.  While plaintiff's counsel is in this district, plaintiff has not demonstrated a level of disruption weighing against the disruption

attested to by defendants.[2]  Thus, the Court finds that this factor also weighs in favor of transfer.

Often considered to be one of the "most important factors", a court is required to look at who likely witnesses are, what their potential testimony will be, and why such testimony is relevant or necessary.  See A.J. Indus. Inc. v. U.S. Dist. Ct. for Cent. Dist., 503 F.2d 384, 389 (9th Cir. 1974).  In considering the availability and convenience of witnesses, the focus should be on the key witnesses and not the minor ones.  See Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993).  Defendants have listed as witnesses six employees of the various defendants who all reside in Vancouver, Washington, and two individuals who reside in Portland, Oregon (a viral expert and RAI's inspector).  (Doc. #14, p. 17.)  It is unclear from plaintiff's filings where Mark Broxon, Executive Director of Proven Winners, resides and whether he would be called upon to testify.  (Doc. #26.)  The Court finds that this factor weighs in favor of the defendants.  Most of the critical witnesses either reside in Vancouver, Washington or Portland, Oregon.

It appears that most of the pertinent evidence in this case will arise from the testimony of the defendants' employees, the

---

[2] The Court notes that the convenience of counsel is not relevant to the issue of transferring venue.  Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004); see also In re. Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004)(it is reversible error to consider the convenience of counsel).

documents housed at defendants' businesses in Vancouver, Washington (and to a lesser extent at RAI in Fort Myers, Florida). Furthermore, documents are manifestly portable and can easily be transferred to any venue. See, e.g. Forcillo v. LeMond Fitness, Inc., 220 F.R.D. 550, 554 (S.D. Ill. 2004). While it appears that the majority of documents generated by both parties will originate from the west coast, it is likely that plaintiff will be relying on some documents from RAI, which is based in Florida.[3] The Court finds that while it is a closer call, this factor generally favors the defendants.

Courts often consider such things as the relative interests of the two forum states in the litigation, relative hardship on the parties, and questions of judicial economy. Here, the Court finds that it would be substantially more efficient and more practical to try this case in the Western District of Washington. With the greater availability of relevant witnesses and evidence, the Western District of Washington stands a greater chance of effectively resolving the issues in this case without overwhelming disruption to the parties. Plaintiff does not provide any convincing evidence or argument on these points. Therefore, the Court finds that the "interest of justice" is also best served by transfer of this case to Washington.

---

[3]The Court notes that RAI's investigative findings were generated by an inspector in Portland, Oregon.

The Court concludes that defendants have met their burden of establishing that the convenience of the parties and witnesses and the interests of justice would best be served by transferring the case to the Western District of Washington.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #14) is **DENIED** as moot.

2. Defendants' Alternative Motion to Transfer (Doc. #14) is **GRANTED**.

2. The Clerk is **directed** to transfer this case to the Western District of Washington.  The Clerk shall terminate any previously scheduled deadlines and close the Fort Myers case file.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record